IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN C. GAUTIER-SOLORZANO, et al., <br><br> Plaintiffs <br><br> v. <br><br> SONIA I. VELEZ-COLON, et al., <br><br> Defendants | CIVIL NO. 10-1777 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Sonia I. Velez Colon's ("Velez") motion to dismiss (**No. 28**) and Plaintiffs' opposition thereto (No. 30). Plaintiffs brought this lawsuit against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs also brought Puerto Rico law claims. Defendant Velez moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**.

**I.**

**FACTUAL ALLEGATIONS**

Plaintiffs in this case are one family, composed of Juan C. Gautier-Solorzano ("Gautier"), Annabelle Lipsett ("Lipsett"), Minor J.C.G.L., Carlos Gautier-Lipsett ("Gautier-Lipsett"), Juan Carlos Vilaro-Lipsett ("Vilaro-Lipsett") and Minor E.C.G.L. Defendants are

CIVIL NO. 10-1777 (JP)            -2-

Velez, Nestor Cortes-Feliciano ("Cortes"), Edwin Bracero-Valentin ("Bracero"), Jose Morales-Figueroa ("Morales"), Carlos Aviles-Lopez ("Aviles"), Carlos Rivera-Lopez ("Rivera"), Jesus Ramos ("Ramos"), and Ismael Camacho-Irizarry ("Camacho").

On or about August 14, 2009, Plaintiffs allege that they were at the Aguadilla courthouse attending a hearing. During a brief recess ordered by the court, Plaintiffs Gautier and Lipsett stepped out of the courtroom to confer with their respective attorneys in a private meeting room.

Several of the Defendants, who are members of the corps of the Puerto Rico Marshals (hereinafter collectively referred to as "Marshals"), allegedly entered into the room and ordered said Plaintiffs to lower their voices. Defendants were informed of the delicate matters and the heightened emotional situation being experienced by Plaintiffs and were told that there was no need for concern. Defendants, however, allegedly became belligerent with Plaintiffs.

Minor J.C.G.L., Plaintiffs Lipsett and Gautier's son, while in the hallway, saw Defendants enter into the meeting room. This allegedly caused him to become concerned and he attempted to enter into said room. J.C.G.L. was barred from entering the room by Defendants. Cortes allegedly then began berating J.C.G.L. by saying "shut up you lowlife piece of shit!" J.C.G.L. objected to the needless abusive treatment and called Defendants "bullies."

CIVIL NO. 10-1777 (JP)         -3-

Plaintiffs allege that Camacho ordered the "little punk" to be arrested. Bracero then pushed Plaintiff Gautier who slammed against a wall. Cortes, Camacho and Bracero allegedly then began beating J.C.G.L. Aviles, Ramos, and Rivera arrived at the melee allegedly caused by the other Defendants and joined Cortes, Camacho and Bracero in beating the child. Ramos allegedly tasered J.C.G.L. multiple times.

Plaintiffs allege that, while on the floor, Defendants continued to beat J.C.G.L. until they were exhausted. The child was then handcuffed. During said process, Lipsett and Gautier begged, pleaded and cried for the beating of their child to stop. Plaintiffs allege that the response was just the opposite. Defendant tasered the restrained child at least five more times.

J.C.G.L. cried for his parents help. When Gautier attempted to aid his child by separating the Marshals from his son, Defendants allegedly tasered Gautier. Gautier was then slammed against the floor. While on the floor, Defendants continued beating him.

Upon arriving at the scene, Gautier-Lipsett, J.C.G.L.'s older brother, attempted to help his brother. As a result, Plaintiffs allege that Gautier-Lipsett was physically assaulted and arrested. Gautier, Lipsett, Gautier-Lipsett and J.C.G.L. were all placed under arrest and detained in holding cells in the courthouse for several hours.

CIVIL NO. 10-1777 (JP)           -4-

On the same day, Plaintiffs allege that Defendants Cortes, Camacho, Bracero, Morales, Aviles, Rivera, Ramos and Velez conspired with each other to fabricate charges and maliciously prosecute Gautier and Lipsett for felonies. Thereafter, Gautier-Lipsett was released. No charges were presented against him. Gautier and Lipsett were transported, under custody, for the filing of felony criminal charges, to the Mayaguez courthouse. During the hearing held at the Mayaguez courthouse, Camacho and Bracero allegedly gave false testimony to a Commonwealth magistrate, which was necessary for a finding of probable cause. On the basis of these false statements, Plaintiffs allege that the Commonwealth magistrate found probable cause against Gautier and Lipsett for several felony charges, consisting each of an assault on a public officer. During the preliminary hearing, Camacho and Bracero once again provided false testimony to a Commonwealth judge to support the criminal charges against Gautier and Lipsett.

Plaintiffs allege that J.C.G.L. was placed under the custody of the Solicitor of Juvenile Affairs. Subsequently, the juvenile court sent J.C.G.L. to a special program for minors that included evaluations by a psychiatrist and two social workers, and that required him to maintain good grades at school. J.C.G.L. complied with the requirements imposed upon him and was released from the program after a six-month period.

CIVIL NO. 10-1777 (JP)          -5-

Lipsett was acquitted of all charges. On the other hand, Gautier underwent a full-fledged jury trial. Plaintiffs allege that, during trial, Camacho, Bracero, Cortes, Aviles, Morales, and Velez, knowingly and intentionally, provided false testimony to a Commonwealth judge to support the criminal charges against Gautier. Gautier was eventually acquitted of all charges.

Plaintiffs allege that Velez and other unidentified individuals, as commanding or supervisory officials, encouraged, authorized, approved, allowed and/or knowingly went along with the unconstitutional conduct employed by the subordinate Marshals, and/or failed to comply with their supervisory and disciplinary duties with regard to such subordinate Defendants. They also allegedly failed to adequately train, instruct and otherwise direct the Marshals concerning the use of force necessary to subdue individuals, thereby causing such Marshals to engage in the unlawful conduct described above. Velez and the unidentified individuals ratified all of the misconduct of the subordinate Defendants by failing to provide any discipline for such misconduct.

## II.

### LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007). As such, in order to

CIVIL NO. 10-1777 (JP)          -6-

survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969). Still, a court must draw all reasonable inferences in favor of the non moving party and accept all well-pleaded facts in the complaint as true. Sanchez v. Pereira-Castillo, 590 F.3d 31, 36 (1st Cir. 2009).

### III.

### ANALYSIS

Defendant Velez moves to dismiss Plaintiffs' complaint against her arguing that Plaintiffs have failed to allege sufficient facts to support their Section 1983 and Puerto Rico law claims. Plaintiffs oppose the arguments. The Court will now consider the parties' arguments.

**A.   Section 1983**

To have a cognizable claim under Section 1983, Plaintiffs must plead and prove that: (1) Defendants acted under color of state law;

CIVIL NO. 10-1777 (JP)          -7-

(2) Plaintiffs were deprived of a federally protected right, privilege or immunity; and (3) Defendants' alleged conduct was causally connected to Plaintiffs' deprivation. See Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).

Here, Defendant Velez argues that Plaintiffs failed to state a cause of action for their Section 1983 claims against Defendant based on supervisory liability, malicious prosecution, and conspiracy.

**1.   Supervisory Liability**

Under Section 1983, supervisory liability cannot be based on a respondeat superior theory, but instead it can only be based on the supervisor's own acts or omissions. Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998) (citing Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997)). Supervisory liability requires that: (1) there is a finding of subordinate liability; and (2) the supervisor's own "action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." Id. "That affirmative link must amount to 'supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference.'" Id. (quoting Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)).

Defendant Velez first argues that the claims against her should be dismissed because it was the Marshals who allegedly violated Plaintiffs' rights by unreasonably seizing them, using excessive force and by using a perverted legal process to deprive them of their

CIVIL NO. 10-1777 (JP)          -8-

liberty. Defendant's argument fails. As alleged in Plaintiffs' complaint, Velez herself was involved in the allegedly unlawful conduct when she provided false testimony against Plaintiffs. Taking said allegations as true, the Court finds that Plaintiffs have alleged sufficient facts to support a finding that Velez was directly involved with the alleged violations of Plaintiffs' rights when Defendants used a perverted legal process to deprive Plaintiffs of their liberty. Also, the allegations that Velez falsely testified are sufficient to support a finding that she condoned the alleged conduct of the Marshals in unreasonably seizing and using excessive force against Plaintiffs.

    Lastly, Defendant argues that Plaintiffs have failed to plead sufficient facts to support their failure to train and/or supervise claims. After considering the allegations, the Court finds that Plaintiffs have failed to plead sufficient facts to support their failure to train and/or supervise claims against Velez. In their complaint, Plaintiffs have only presented boilerplate allegations regarding Defendant Velez's alleged failure to train and supervise the Marshals. Said allegations are insufficient to support Plaintiffs' claims. Rossi-Cortes v. Toledo-Rivera, 540 F. Supp. 2d 318, 324 (D.P.R. 2008)(citing Esteras v. Diaz, 266 F. Supp. 2d 270 (D.P.R. 2003)).

    Accordingly, the Court will dismiss Plaintiffs' failure to train and supervise claims against Defendant Velez.

CIVIL NO. 10-1777 (JP)          -9-

### 2. Malicious Prosecution

In her motion, Defendant Velez states that Plaintiffs' malicious prosecution claim against her should be dismissed because malicious prosecution is not actionable under the Fourteenth Amendment. Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996) (citing Albright v. Oliver, 510 U.S. 266 (1994)); Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404, 410-11 (1st Cir. 1990). While it is true that a malicious prosecution claim cannot be asserted under the Fourteenth Amendment, it is also true that, as clarified in Plaintiffs' opposition, Plaintiffs are also raising a malicious prosecution claim under the Fourth Amendment (No. 30, p. 10). Even though the issue has not been squarely decided by either the U.S. Supreme Court or the First Circuit Court of Appeals, the First Circuit has assumed without deciding that a malicious prosecution by state actors may violate the Fourth Amendment. E.g., Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010); Britton v. Maloney, 196 F.3d 24, 28 n.3 (1st Cir. 1999). Based on said case law, the Court finds that Plaintiffs should be allowed to pursue their malicious prosecution claim under the Fourth Amendment. Accordingly, the Court denies Defendant's request to dismiss the malicious prosecution claims against her.

### 3. Conspiracy Claims

A civil rights conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a

CIVIL NO. 10-1777 (JP)          -10-

lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008) (quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)).

Plaintiffs assert Section 1983 conspiracy claims in their complaint against Velez. Defendant argues that Plaintiffs failed to state a cause of action for their conspiracy claim against her because they failed to allege an overt act on the part of Velez in furtherance of the alleged conspiracy. Said argument fails. In the complaint, Plaintiffs clearly pleaded that Defendant Velez and the other Defendants conspired to maliciously prosecute Plaintiff. Plaintiffs also pleaded that, in furtherance of the conspiracy, Velez provided false testimony. Based on said allegations, the Court finds that Plaintiffs have pleaded sufficient facts to establish a cause of action for conspiracy against Velez.

**B.     Puerto Rico Law Claims**

Plaintiffs also bring claims arising under Puerto Rico law. Defendant requests that the Court decline to exercise jurisdiction over the Puerto Rico law claims if the Court dismissed the federal law claims against her. Since the Court has not dismissed all of the federal law claims against Velez, the Court will not dismiss the state law claims against her.

CIVIL NO. 10-1777 (JP)          -11-

**IV.**

**CONCLUSION**

Thus, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss. A separate judgment will be entered accordingly dismissing the failure train and supervise claims against Defendant Velez.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of November, 2011.

                                       S/JOSE ANTONIO FUSTE
                                         JOSÉ ANTONIO FUSTÉ
                                UNITED STATES DISTRICT JUDGE